[Cite as *In re T.B.*, 2013-Ohio-1157.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN RE: | JUDGES:<br>Hon. Patricia A. Delaney, P. J.<br>Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| T.B., K.B., and N.B. | Case Nos. 12CA95, 12CA96, 12CA97 |
| MINOR CHILDREN | O P I N I O N<br>NUNC PRO TUNC - correcting name of authoring judge on page 2 |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. 2008-DEP-00177, 2008-DEP-00178, 2008-DEP-00179 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 15, 2013 |

APPEARANCES:

| For Appellee RCCS | Appellant Father |
|---|---|
| J. PETER STEFANIUK<br>731 Scholl Road<br>Mansfield, Ohio  44907 | JOHN S. DILTS<br>28 South Park Street<br>Mansfield, Ohio  44902 |

*Farmer, J.*

**{¶1}** Appellant Anthony Bishop appeals the decision of the Court of Common Pleas, Juvenile Division, Richland County, which granted permanent custody of his three children to Appellee Richland County Children Services ("RCCS"). This is a nunc pro tunc opinion correcting a scrivener's error as to the authoring judge's name on page 2. The relevant facts leading to this appeal are as follows.

**{¶2}** The children at the center of this case are T.B., born to Appellant and Paula Timko in 2002; K.B., born to Appellant and Paula Timko in 2004; and N.B., born to Appellant and Paula Timko in 2006. The mother of the children has separately appealed.

**{¶3}** In September 2008, RCCS filed a complaint alleging that appellant's aforesaid three children were dependent under R.C. 2151.04. In December 2008, the trial court adjudicated T.B., K.B., and N.B. as dependent children, with a disposition of protective supervision by RCCS. The concerns at various points in the case have included the mother's mental health and anger issues, her substance abuse, her criminal activities, lack of suitable housing, and exposure of the children to men with domestic violence propensities. Appellant Bishop has served prison time and has had no significant involvement in the case plan services for the family.

**{¶4}** On November 10, 2009, RCCS obtained temporary custody of T.B., K.B., and N.B. pursuant to an emergency shelter care order, following acts of domestic violence by appellant against the mother in the home. Appellant was subsequently convicted on three felony counts stemming from the incident and was sentenced to three years in prison.

{¶5} On July 8, 2010, pursuant to a magistrate's decision, the children were again placed in the temporary custody of RCCS. The magistrate's decision was approved by the trial court on July 28, 2010.

{¶6} On January 13, 2011, RCCS filed a dispositional motion requesting permanent custody of all three children to the agency.

{¶7} Evidentiary hearings on the permanent custody motion were conducted before a magistrate on several days between May 3, 2011 and March 1, 2012. The magistrate issued a decision recommending permanent custody of the children to RCCS on March 14, 2012.

{¶8} Both sides thereupon filed objections to the decision of the magistrate. On August 16, 2012, the trial court overruled the objections and approved and adopted the magistrate's decision.

{¶9} Appellant Bishop filed a notice of appeal on September 14, 2012. He herein raises the following sole Assignment of Error in each case:

{¶10} "I. THE COURT ERRED IN DETERMINING THAT THE 12-MONTH OUT OF 22-MONTH TIME LIMIT IN O.R.C. 2151.413 REGARDING THE 12 MONTHS OUT-OF-HOME PLACEMENT MEANS TWELVE (12) MONTHS, NOT 368 DAYS."

I.

{¶11} In his sole Assignment of Error, appellant contends the trial court erred in relying on the "twelve of twenty-two" rule under R.C. 2151.414(B)(1)(d), *supra*.[1] We disagree.

---

[1] The text of appellant's assigned error references R.C. 2151.413(D)(1), which posits the "twelve of twenty-two" rule in regard to when a children services agency must file for permanent custody. R.C. 2151.414(B)(1)(d) uses similar language. The wording of the

{¶12} One of the alternative criteria under R.C. 2151.414(B)(1)(d) is whether "[t]he child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *."

{¶13} The latter part of R.C. 2151.414(B)(1)(d) additionally states as follows:

{¶14} "For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."

{¶15} Although the case plan in the matter sub judice was approved on November 20, 2008, the trial court relied on the most recent removal date of November 10, 2009 as the starting point for purposes of R.C. 2151.414(B)(1)(d). Sixty days from that date was January 9, 2010. The agency thus waited more than twelve months, specifically until January 13, 2011, to file its motion for permanent custody. During at least that twelve-month period, the children were in agency custody. We therefore find proper compliance with the "twelve of twenty-two rule," and we find no merit in appellant's assertion that only "full" months count toward the total.

---

assigned error is somewhat confusing, as appellant's actual argument is that the trial court *should have* recognized the twelve-month period as meaning twelve full calendar months.

**{¶16}** Appellant's sole Assignment of Error is overruled.

**{¶17}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby affirmed.

By: Farmer, J.

Delaney, P. J., and

Hoffman, J., concur.

_____

_____

_____

                                        JUDGES

SGF/d 1227

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:                                    :
                                          :        JUDGMENT ENTRY
                                          :        (NUNC PRO TUNC) - correcting
T.B., K.B., and N.B                       :        name of authoring judge on page
                                          :        2
                                          :
                                          :        Case Nos. 12CA95, 12CA96
MINOR CHILDREN                            :              and 12CA97


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____

JUDGES